**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD CUMMINGHAM,
  et al.,
          Plaintiffs,         CIVIL ACTION NO. 06-CV-10452-DT

    vs.                     DISTRICT JUDGE LAWRENCE P. ZATKOFF

VAN RU CREDIT CORP.       MAGISTRATE JUDGE MONA K. MAJZOUB

          Defendant.   /

**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITIONS OF THE CAPITAL ONE DECLARANTS, TO COMPEL THE DEPOSITIONS OF THE REQUESTED RULE 30(b)(6) VAN RU EMPLOYEES, AND TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO PLAINTIFF'S ACCOUNT**

Before the Court is Plaintiff's Motion for Leave to Take the Deposition of the Capital One Declarants, to Compel the Depositions of the Requested Rule 30(b)(6) Van Ru Employees, and to Compel Production of Documents Related to Plaintiff's Account, filed April 26, 2006. The parties have fully briefed the motion and the Court heard oral arguments at a June 7, 2006 hearing.

The Plaintiff class is composed of former customers of the Capital One credit card company. Ronald Cummingham is the class representative. Defendant Van Ru Credit Corp. works as a collection agency for Capital One's debts. Plaintiff alleges that Van Ru violated the Fair Debt Collection Practices Act by sending correspondence to Plaintiff on Capital One letterhead. Van Ru claims the letter issued from Capital One, not Van Ru. Defendant argues that the dispute between the Plaintiff class and Defendant is subject to a binding arbitration clause contained in Capital One's credit card agreements with its cardholders. Defendant admits that the arbitration clause is mailed to a cardholder only after the cardholder enters into a credit card contract with Defendant, and that the arbitration clause purports to add itself to the contract through the acquiescence of a cardholder. Plaintiff argues that the arbitration clause does not apply to the dispute between Van Ru, which was not a signatory to the

original contract, and the members of the Plaintiff class. Defendant has filed a Motion to Compel Arbitration that is not now before the Court. However, the issues raised in the Motion to Compel bear heavily upon the instant motion.

In support of the Motion to Compel Arbitration, Defendant attached declarations by Matthew Sharp and Bill Horwitz, both Capital One employees. Mr. Sharp's declaration discusses how the named Plaintiff, Ronald Cummingham, opened his Capital One account, and how an arbitration clause was eventually added to the agreement. Mr. Horwitz's declaration states that the letter Plaintiff allegedly received from Van Ru Credit was actually sent at the direction of Capital One, and that Van Ru had no control over its contents.

Plaintiff now wishes to depose Mr. Sharp, Mr. Horwitz, and several Van Ru employees regarding the creation and maintenance of Mr. Cummingham's account with Capital One and (particularly the addition of the arbitration clause) and the circumstances under which the debt collection letter was sent to Mr. Cummingham. Defendant claims this amounts to "merits discovery" that should not occur until after the Court rules on the motion to compel arbitration.

In support of the its Motion to Dismiss, Defendant relies on evidence extrinsic to Plaintiff's contract with Capital One regarding (1) the circumstances under which the contract was allegedly formed and (2) the circumstances under which the debt collection letter was sent. As Plaintiff points out, this is essentially a motion for summary judgment on the validity and scope of the arbitration clause.

Defendant is correct that it may obtain a ruling on the motion to compel arbitration before merits discovery is undertaken in this case. However, Defendant is estopped from preventing discovery on the factual issues Defendant raises in support of its motion to compel arbitration. By including the declaration of Mr. Sharp and Mr. Horwitz, Defendant is representing that they possess non-privileged information relevant to the disposition of the motion to dismiss. At the hearing, Plaintiff and

Defendant agreed that Plaintiff would withdraw its request to depose Mr. Horwitz and would be permitted to use a deposition given by Mr. Sharp and Mr. Horwitz in a related case. Plaintiff's Motion to Compel is **DENIED** with respect to Mr. Horwitz's deposition because it is moot. Plaintiff's Motion to Compel is **GRANTED** with respect to the deposition of Mr. Sharp.

Plaintiff claims that he will discover evidence fatal to Defendant's motion to compel arbitration through his requests for production of documents and through depositions of the 30(b)(6) representatives of Van Ru. Federal Rule of Civil Procedure 26 entitles Plaintiff to depositions and production of documents to the extent that Plaintiff seeks discovery that is likely to lead to evidence admissible in opposition to Defendant's motion to compel arbitration. The circumstances surrounding the formation of the contracts between Plaintiff and Capital One and between Capital One and Van Ru, as well as the contracts themselves, are relevant to the scope and applicability of the arbitration clause to the instant suit. Plaintiff may gain substantial information about the merits of his claim in the process of litigating the motion to compel arbitration, but the Federal Rules do nothing to foreclose that result.

Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** with respect to Plaintiff's Requests for Production of Documents. Defendant will produce all documents or records that (1) refer to the mailing of the arbitration agreement to Plaintiff; (2) identify the person or office that mailed the agreement; (3) identify when and how the agreement was mailed; or (4) show who controlled the production and mailing of the agreement. Defendant will also produce a copy of the agreement mailed to Plaintiff, and a copy of the debt collection contract between Capital One and Van Ru referenced in Exhibit F of Plaintiff's reply brief.

Plaintiff's Motion is **GRANTED** with respect to his request for a 30(b)(6) deposition of a Capital One representative. Plaintiff may ask questions pertinent to the issues raised in Defendant's Motion to Compel Arbitration.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: July 06, 2006                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 06, 2006                    s/ Lisa C. Bartlett
                                        Courtroom Deputy