UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CUNNINGHAM,

        CASE NO. 06-10452
Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

VAN RU CREDIT CORPORATION,

Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 21, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to stay discovery [docket #11] and Plaintiff's motion for extension of time to respond to Defendant's motion to compel arbitration pursuant to Rule 56(f) [docket #16]. Both parties have filed responses and replies. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion is GRANTED IN PART, and Plaintiff's motion is GRANTED.

## II.  BACKGROUND

**A.  Factual Background**

Plaintiff is the holder of a credit card issued by Capital One.  In 2005, Plaintiff received a letter allegedly from Capital One stating that Plaintiff's account was delinquent, and suggesting that Plaintiff work with Defendant Van Ru to develop a payment plan.  Plaintiff claims that although the letter purportedly was from Capital One, it had been sent at the instigation of Defendant.  Plaintiff claims that Defendant's alleged role in the sending of the letter violated the Fair Debt Collection Practices Act.

**B.  Procedural Background**

Plaintiff filed suit on February 1, 2006.  On April 17, 2006, Defendant filed a motion to compel arbitration, based on an alleged arbitration provision in the contract between Plaintiff and Capital One.  On April 21, 2006, Defendant filed a motion to stay discovery.  On April 26, 2006, Plaintiff filed a motion to compel discovery.  The Court referred the motion to Magistrate Judge Majzoub.  On May 1, 2006, Plaintiff filed a motion for extension of time to respond to Defendant's motion to compel arbitration.

On July 6, 2006, Magistrate Judge Majzoub issued an Amended Order granting Plaintiff's motion for discovery in part.  Magistrate Judge Majzoub noted that Plaintiff was not entitled to undertake discovery on the merits before the resolution of Defendant's motion to compel arbitration.  Amended Order at 2.  However, Plaintiff was entitled to undertake discovery on issues related to the enforceability of the arbitration agreement.  *Id.*  Magistrate Judge Majzoub ordered Defendant to produce documents relating to the arbitration agreement.  Plaintiff was also allowed to take the deposition of a Capital One representative, with questions limited to the arbitration agreement.  *Id.*

at 3.

### III.  ANALYSIS

On May 1, 2006, Plaintiff filed a response to Defendant's motion to compel arbitration. Plaintiff also filed a motion for extension of time to respond pursuant to Federal Rule of Civil Procedure 56(f).  Rule 56(f) provides that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiff has submitted an affidavit stating that there is insufficient factual information to address the threshold issue of whether Defendant is entitled to invoke arbitration.

Defendant argues that Plaintiff is, in fact, attempting to obtain discovery on the merits. Defendant seeks a stay of discovery until the motion to compel arbitration is resolved.  The Court agrees that "[i]n a proceeding to compel arbitration, no discovery into the underlying grievance is ordinarily permitted."  *Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976). However, the Court also agrees with Magistrate Judge Majzoub that "Defendant is estopped from preventing discovery on the factual issues Defendant raises in support of its motion to compel arbitration."  Amended Order at 2.

Thus, the Court grants Defendant's motion for a stay of discovery, except for the discovery regarding the arbitration agreement specifically allowed in Magistrate Judge Majzoub's July 6, 2006, Amended Order.  Plaintiff will have until sixty (60) days from the entry of this Order to submit a supplemental response to Defendant's motion to compel arbitration.  Defendant may reply to the response.

## V. CONCLUSION

For the above reasons, Defendant's motion to stay discovery is GRANTED IN PART. Discovery will be stayed, except for the discovery specifically permitted by Magistrate Judge Majzoub's July 6, 2006 Amended Order. Plaintiff's motion for extension of time to respond to Defendant's motion to compel arbitration is GRANTED. Plaintiff may file a supplemental response within sixty (60) days from entry of this Order. Defendant may reply to the response.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff  
                                              LAWRENCE P. ZATKOFF  
                                              UNITED STATES DISTRICT JUDGE

Dated: July 21, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2006.

                                              s/Marie E. Verlinde  
                                              Case Manager  
                                              (810) 984-3290