## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD CUNNINGHAM,

       Plaintiff,

v.

VAN RU CREDIT CORPORATION,

       Defendant.

_____/

CASE NO. 06-10452

HON. LAWRENCE P. ZATKOFF

MAGISTRATE JUDGE MONA K. MAJZOUB

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 28, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant's motion to compel arbitration [dkt. 10].

Defendant's motion was filed on April 17, 2006.  The Court subsequently stayed the matter while

several discovery disputes between the parties were resolved.  The Court allowed Plaintiff to take

discovery on the circumstances surrounding the formation of the arbitration agreement, and held that

Plaintiff could file a supplemental response to Defendant's motion by September 19, 2006.

Defendant was allowed to reply to the supplemental response.  Plaintiff has filed his supplemental

response, and Defendant has replied.

The Court finds that the facts and legal arguments are adequately presented in the parties'

papers and the decision process would not be significantly aided by oral argument.  Therefore,

pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's motion to compel arbitration is GRANTED.

## II. BACKGROUND

Plaintiff applied for a credit card account with Capital One in October 2001.  As part of the application, Plaintiff agreed to be bound by the Capital One Customer Agreement, and all future revisions thereof.  The original Customer Agreement did not contain an arbitration provision.  On November 24, 2001, Capital One allegedly sent Plaintiff notice that it was adding an arbitration provision to the Customer Agreement, which would become effective unless Plaintiff opted out of the provision.  Plaintiff did not opt out of the arbitration provision.  The provision stated that at the election of either party, all claims, as defined in the provision, would be subject to arbitration.  Claims were defined, in part, as including disputes regarding billing and collection matters relating to the account.

Plaintiff became delinquent in the payments on his account, and in 2005 (the parties do not specify the date) he received a letter on Capital One stationary recommending that he contact Defendant to develop a payment plan for his delinquent account.  Defendant is a debt collection company that has a contract with Capital One to provide debt collection services.  Plaintiff alleges that the letter was either sent by Defendant, or at Defendant's direction.  Defendant alleges that the letter was sent by Capital One.  After receiving the letter, Plaintiff brought the instant action, claiming that Defendant's involvement with the letter violated the Fair Debt Collection Practices Act ("FDCPA").

2

### III. LEGAL STANDARD

When hearing claims regarding an arbitration agreement, the court "may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Federal policy favors arbitration agreements, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

### IV. ANALYSIS

Plaintiff raises two arguments as to why Defendant's motion to compel arbitration should be denied: Defendant has not proved that Plaintiff received notice of the arbitration agreement, and Defendant is not a signatory to the agreement.

**A.     Notice of the arbitration agreement**

In support of its claim that Plaintiff received notice of the arbitration provision, Defendant relies on the affidavit of Matthew Sharp, an executive assistant for Capital One. Sharp stated that it is Capital One's practice to make and keep records regarding activity on customer accounts. Sharp stated that Capital One mailed Plaintiff notice of the arbitration provision, and the record on Plaintiff's account does not show that the notice was returned as undeliverable.

Plaintiff states that he does not remember receiving notice of an arbitration provision, and that he "threw away all documents regarding my Capital one account shortly after receipt." Plaintiff's Exh. A. Plaintiff notes that Sharp did not have personal knowledge regarding the mailing of the notice. Thus, Plaintiff argues that there is no support for Defendant's claim that Plaintiff received notice of the arbitration provision.

The Northern District of Illinois recently confronted this same issue in *Johnston v. Arrow*

3

*Financial Services, LLC*, No. 06 C 0013, 2006 U.S. Dist. LEXIS 70814 (N.D. Ill. Sept. 15, 2006). As in the instant case, the plaintiffs in *Johnston* claimed that the defendant had sent or caused to be sent a letter on Capital One stationary, referring the plaintiffs to defendant's services. The defendant also relied on the testimony of Matthew Sharp to support its motion to compel arbitration. The plaintiffs argued that Sharp's testimony was invalid because he did not have personal knowledge of the specifics of Capital One's mailing procedures. The court held that:

> Plaintiffs' arguments as to Mr. Sharp's lack of personal knowledge are baseless. Mr. Sharp stated in his declaration that as Executive Assistant he is familiar with Capital One's policies and procedures for the maintenance of business records. Further, he personally reviewed the accounts of both [plaintiffs] and Capital One's records concerning documents sent to plaintiffs, including the Customer Agreements. Mr. Sharp is therefore competent to make statements concerning plaintiffs' accounts.

*Id.* at *8.

The Court finds the preceding analysis persuasive, and finds that Sharp has provided competent testimony regarding the mailing of the notice. Thus, Defendant has provided evidence that Plaintiff was given notice of the arbitration provision. Plaintiff has failed to provide any evidence challenging Defendant's assertion; Plaintiff merely states that he does not remember if he received the notice, and admits that he threw away information relating to his Capital One account. Thus, the Court holds that because Plaintiff received notice of the arbitration provision and failed to opt out, there is an arbitration agreement between Plaintiff and Capital One.

**B.     Defendant's ability to enforce the arbitration agreement**

Plaintiff argues that Defendant should not be able to enforce the arbitration agreement because it was not a signatory to the agreement. However, Defendant argues that courts have allowed nonsignatories to enforce arbitration agreements in certain circumstances. The Second Circuit has noted that "the circuits have been willing to estop a signatory from avoiding arbitration with a nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are

4

intertwined with the agreement that the estopped party has signed." *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 779 (2d. Cir. 1995). The Sixth Circuit has not addressed the issue directly, but had cited *Thomson* approvingly. *See Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003).

District court case law also supports Defendant's position. In *Liedtke v. Frank*, 437 F. Supp. 2d. 696 (N.D. Ohio 2006), the court considered whether the plaintiff could be compelled to arbitrate by a nonsignatory to the arbitration agreement. The plaintiff had sued her credit card company, Household Bank, and a law firm that assisted Household in collecting debts. The plaintiff dismissed Household from the case, and the law firm moved to compel arbitration based on an arbitration provision in the agreement between the plaintiff and Household. The plaintiff argued that the law firm could not enforce the arbitration agreement, because it was not a signatory to the agreement. The court disagreed, and held that the plaintiff's claim against the law firm was subject to arbitration. The court held that:

> It is clear from plaintiff's Complaint that the claims against [the law firm] are integrally related to the contract containing the arbitration clause. . . . Plaintiff's Complaint also alleges interdependent and concerted misconduct between Household and [the law firm].
>
> * * *
>
> Plaintiff's dismissal of Household does not change the fact that the conduct of [the law firm] relates to a debt that arose from the Household cardholder agreement and that the collection by "credit strangulation" is alleged to have been a joint enterprise with Household.

*Id.* at 699-700.

Likewise, in *Johnston v. Arrow Financial Services, LLC*, No. 06 C 0013, 2006 U.S. Dist. LEXIS 70814 (N.D. Ill. Sept. 15, 2006), the court held that the plaintiff could be compelled to arbitrate by a defendant that was not a signatory to the arbitration agreement. The factual scenario

in *Johnston* was virtually identical to that in the instant case. The plaintiffs had credit cards with Capital One, and defaulted on their payments. Capital One retained the defendant to assist in collecting the debts, and the plaintiffs received a letter on Capital One stationary referring them to the defendant. As in the instant case, the plaintiffs claimed that the defendant had been instrumental in the sending of the letter.

The court held that although the defendant was not a signatory to the arbitration agreement between the plaintiffs and Capital One, the plaintiffs could be compelled to arbitrate their claims. The court noted that the arbitration agreement covered billing and collection matters. Because the case revolved around letters to collect debts, it fell within the ambit of billing and collection matters, and thus was covered by the arbitration agreement. *Id.* at *4.

Furthermore, the court noted "[the plaintiffs'] allegations effectively recognize that defendant acted together with Capital One, rather than alone, in the sending of debt collection letters to plaintiffs." *Id.* The court held that "[w]hen a plaintiff alleges such interdependent or concerted misconduct by a signatory and a non-signatory, 'that signatory, in essence, becomes a party, with resulting loss, inter alia, of time and money because of its required participation in the proceeding.'" *Id.* at *5 (quoting *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 527 (5th Cir. 2000)). The court further held that:

> In the instant case, despite their protestations that they have a claim only against defendant, plaintiffs do in fact allege interdependent or concerted misconduct by defendant and Capital One. . . . Such alleged action is indicative of a relationship between defendant and Capital One that is "so obviously intertwined that only by allowing the non-signator[y] to invoke arbitration would evisceration of the [arbitration agreement] be avoided."

*Id.* (citation omitted).

The Court finds the preceding analysis persuasive, and applicable to the instant case. As in *Johnston*, Plaintiff has alleged interdependent misconduct by Defendant and Capital One. Plaintiff

argues that Capital One is not liable under the FDCPA provisions that he is accusing Defendant of violating. However, although Capital One may not be directly liable in the instant case, Plaintiff is essentially challenging the legality of an arrangement between Capital One and Defendant, an arrangement that Capital One has with other debt collectors. Thus, the outcome of the case will have a significant impact on Capital One's operations, and Capital One's involvement in the case will be required. This is shown by the fact that both parties have already used the depositions of Capital One employees. Because Plaintiff's charges against Defendant are inseparably intertwined with Capital One's conduct, the Court will compel Plaintiff to arbitrate his claims pursuant to the arbitration agreement with Capital One.

## V. CONCLUSION

For the above reasons, Defendant's motion to compel arbitration is GRANTED. In lieu of staying the proceeding, the Court will dismiss Plaintiff's action without prejudice.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 12, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 12, 2006.


S/Marie E. Verlinde
Case Manager
(810) 984-3290

7